# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **JESSICA SIMMONS**, | : | Case No. 2:19-cv-05481-MHW-EPD |
| | : | |
| Plaintiff, | : | Judge Michael H. Watson |
| | : | Magistrate Judge Elizabeth Preston Deavers |
| vs. | : | |
| | : | |
| **MPW INDUSTRIAL SERVICES, INC.,** et al. | : | **STIPULATED PROTECTIVE ORDER** |
| | : | |
| Defendants. | : | |

Pursuant to Fed. R. 26(c) and the Court's March 4, 2020 Preliminary Pretrial Order (Doc. 12), Plaintiff Jessica Simmons and Defendants MPW Industrial Services, Inc. ("MPW") and Joey Miller (collectively, "the Parties") hereby submit the following proposed Order relating to confidential business and other proprietary information.

**IT HEREBY ORDERED THAT:**

Each party to this proceeding or any subsequent appeals and anyone else who may subscribe to this Stipulated Protective Order ("Order") agrees as follows:

## **PURPOSE**

The Court recognizes that preparation and trial of this action may require the discovery of confidential and/or proprietary materials containing proprietary business, personnel, trade secret, client, or financial information, other information subject to confidentiality requirements, or other such sensitive commercial information that is not publicly available. The Court wishes for the Parties to be able to litigate this action without jeopardizing their interests and expectations in the privacy and confidentiality of their records and so enter this Order.

## INFORMATION SUBJECT TO THIS ORDER

1. For purposes of this Order, "Confidential Information" includes Plaintiff's medical, financial, and personal information, Defendant Miller's personnel, financial, and personal information, and Defendant MPW and/or Defendant MPW's parent, affiliated, or related companies' confidential business information, including but not limited to trade secrets, business records, and other proprietary materials containing confidential business, personnel, or financial information, or other information subject to confidentiality requirements that is not publicly available that is: (a) conveyed by or contained in a document produced; (b) stated in answer to an interrogatory; (c) disclosed in an oral deposition by a party or a non-party in the course of discovery in this proceeding; and/or (d) disclosed by a party or a non-party at a hearing.

## DESIGNATING INFORMATION "CONFIDENTIAL"

2. Any party that produces information which it reasonably believes to be Confidential Information may, at the time of production, designate such information as "Confidential" and the information so designated shall thereafter be subject to the provisions of this Order. In the case of documents, each page that is to be produced under this Order shall be separately marked "Confidential."

## OBJECTIONS TO DESIGNATION OF INFORMATION AS "CONFIDENTIAL"

3. Either party may object to the designation of information as "Confidential." If a party objects, within 14 days the parties will confer in good faith regarding the designation. If the parties are unable to come to an agreement, the parties shall schedule an informal conference with the Court to seek a resolution. If they are still unable to resolve the dispute, the designating party shall move for court-ordered protection with respect to each challenged designation. The document in question will remain subject to the confidentiality provisions of this Order until the Court rules

upon the designation of the document. If the Court does not grant the designating party's motion, the information will lose its confidential designation. The designating party retains the ultimate burden of demonstrating good cause for protection by the Court.

## PERSONS AUTHORIZED TO RECEIVE CONFIDENTIAL INFORMATION

4. Any information designated "Confidential" pursuant to this Order shall not be disclosed to any person whatsoever other than: the parties, their parent and/or affiliated and/or related companies, and their respective directors, officers, and management employees, and their secretarial or clerical staffs; attorneys of record, their legal assistants, and their secretarial or clerical staffs; insurers; court reporters and the Court; and deponents, witnesses, experts, and consultants retained in good faith to assist in connection with this action and/or potential deponents, witnesses, experts, and consultants retained in good faith to assist in connection with this action, but only on an as needed basis, provided that such persons agree to not disclose or otherwise use such Confidential Information in any manner other than for the purpose of providing testimony in this matter.

## LIMITATIONS ON THE USE OF CONFIDENTIAL INFORMATION

5. Any information designated "Confidential" pursuant to this Order shall be held in confidence by each person to whom it is disclosed, shall be used by the person who receives such information only for the purposes of this proceeding, and shall not be used by the recipient of the information for any function other than this litigation.

6. In the event that any Confidential Information, as provided in this Order, is used in depositions, the court reporter shall be instructed either (1) by a statement on the record by counsel at the time of the deposition, or (2) by written notice to all counsel within ten business days after the receipt of the transcript, that the portions of the depositions relating to the Confidential

Information, as well as any Confidential documents which are made exhibits, shall be retained under seal and if filed in connection with this proceeding or any subsequent appeal, shall be filed pursuant to this Order as set forth in Paragraph 7, and that copies of such materials shall be given only to counsel of record. Only those persons afforded access under Paragraph 4 may be present at any examination concerning Confidential Information.

7. In the event that any Confidential Information may be filed in connection with this proceeding or any subsequent appeals, such material shall be requested to be filed under seal by the party designating the information "Confidential" pursuant to this order. A party that intends to file information designated as "Confidential" by the opposing party must notify the designating party no less than 14 days prior to the filing to allow the designating party sufficient time to file a motion to seal. Any motions to file under seal must comply with *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299 (6th Cir. 2016). This Protective Order, however, does not authorize filing protected materials under seal. As set forth in *Shane Group* and *Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219 (6th Cir. 1996), no document may be filed with the Court under seal without prior permission as to each such filing, upon motion and for good cause shown, including the legal basis for filing under seal. Unless the Court orders otherwise, all sealed documents shall be filed according to S.D. Ohio Civ. R. 5.2.1 and the policies and procedures set forth in the Court's CM/ECF online resources.

### **FINAL TERMINATION OF PROCEEDING**

8. Thirty days after final termination of this proceeding, including all subsequent appeals, each party shall destroy all materials produced and designated as "Confidential" and all copies thereof. If a party, within twenty-eight days of the final termination of this proceeding, requests that the Confidential Information be returned, the party to whom the request is made shall

return all such Confidential Information produced and all copies thereof. Unless a court orders otherwise, the parties shall continue after final termination of this proceeding to keep confidential the information and documents exchanged pursuant to this Order. Confidential Information incorporated into pleadings, exhibits, legal memoranda, or similar documents need not be destroyed but shall remain confidential.

9. This Order shall be without prejudice to the right of any party or non-party to present to the Court a motion for a separate Protective Order as to any such document or information, including restrictions differing from those specified herein, and this Order shall not be deemed to prejudice any party in any way in any future application for modification of this Order.

10. This Order has no effect upon, and shall not apply to, the parties' and their counsel's own internal use of the information and documents that party produced under the protections of this Order.

11. In the event additional parties join or are joined in this action, they shall not have access to material marked "Confidential" until the newly joined party by its counsel has executed and filed with the Court its agreement to be fully bound by this Order.

12. This Order shall not apply to information in the public domain or obtained from other sources not in violation of this Order, regardless of whether or not such information is also contained in discovery materials designated as "Confidential" in this case.

13. In the event that any party to this Order inadvertently discloses documents or other material protected by the attorney-client privilege or the work product doctrine, regardless of whether the documents or other material are produced pursuant to this Order, the party receiving

such documents or material shall immediately return the documents or material upon request and shall not retain any copies or use the documents or material in any way.

14. The undersigned counsel for the parties agree on behalf of their respective firms and clients to the terms set forth herein, and consent to the form and entry of this Order.

15. The Court retains jurisdiction to alter or amend this Order by further order of the Court upon a showing of good cause. Upon approval by the Court, this Order shall be effective as the Order of the Court. Nothing in this Order shall abridge the right of any person to seek judicial review or to pursue other appropriate judicial action with respect to any ruling made concerning the issue of the status of Confidential Information.

## **NON-WAIVER OF PRIVILEGED INFORMATION**

16. A party who produces any document subject to the attorney-client privilege or work-product protection ("Privileged Document") without intending to waive the claim of privilege or protection associated with such document may, within ten (10) days after the producing party actually discovers that such production occurred, amend its discovery response and notify the other party that such document was produced and should have been withheld as privileged.

17. Once the producing party provides such notice to the requesting party, the requesting party must: (1) promptly return the specified document and any copies thereof to the producing party; (2) destroy, and certify such destruction, to the producing party, along with any notes or any other documents it created that reflect the contents of the specified document; and (3) refrain from disclosing the substance of such specified document to any third party, including the Court.

18. Such disclosure of a Privileged Document shall not be deemed a waiver with respect to that document or other documents involving similar subject matter.

19. Further, it is the intent of the parties that this Order is made in compliance with Fed. R. Evid. 502 and any such disclosure shall also not constitute a waiver in any other Federal or State Proceeding.

20. By complying with these obligations, the requesting party does not waive any right to challenge the assertion of privilege and request an order of the Court denying such privilege. In the event of a challenge to the claim of privilege, the requesting party may seek to compel production of the document.

21. Any third party, such as expert witnesses or vendors, retained by either party in the course of the above-captioned litigation, shall be provided a copy of this Order by the party retaining such third party, and shall be required to agree, in writing, to be bound by the Order's terms.

22. In the event of disclosure of Privileged Document(s) and upon timely notice by the producing party, as provided in Paragraph 14, the requesting party shall have the obligation to retrieve any such document(s) from third parties retained by the requesting party. In the event that the requesting party fails to return to the producing party within 10 days the disclosed Privileged Documents upon timely notice by the producing party, as provided in Paragraph 14, the producing party may seek injunctive relief to enforce the terms of this Order.

**IT IS ORDERED.**

s/ *Elizabeth A. Preston Deavers*
ELIZABETH A. PRESTON DEAVERS
UNITED STATES MAGISTRATE JUDGE

Date: March 30, 2020